Case 1:13-cv-07360-HB Document 18 Filed 04/24/14 Page 1 of 1



April 24, 2014

**BY ECF**
Honorable Harold Baer, Jr.
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

    Re: *Human Rights Watch v. Dep't of Justice Fed. Bureau of Prisons*, 13 Civ. 7360 (HB)

Dear Judge Baer:

    In accordance with the Court's order dated March 31, 2014, the parties to the above-referenced Freedom of Information Act ("FOIA") litigation submit this joint letter to inform the Court about the status of the case.

    The parties have agreed to a joint stipulation and proposed order that will resolve the parties' disagreement regarding the scope of additional searches that BOP will conduct for records responsive to Plaintiffs' FOIA requests. The fully executed joint stipulation and proposed order is enclosed herein and has been submitted to the Clerk for the Court's consideration and approval.

                                  Respectfully submitted,

| *Counsel for the Defendant* | *Counsel for the Plaintiff* |
|---|---|
| PREET BHARARA<br>United States Attorney | Media Freedom and Information Access Clinic, Yale Law School |
| By: /s/ Elizabeth Tulis<br>ELIZABETH TULIS<br>Assistant United States Attorney<br>86 Chambers Street, 3rd Floor<br>New York, NY 10007<br>Tel: (212) 637-2725<br>Fax: (212) 637-2702<br>Email: elizabeth.tulis@usdoj.gov | /s/ Jonathan Manes<br>John Langford, Law Student Intern<br>Christina Koningisor, Law Student Intern<br>Ryan McCartney, Law Student Intern<br>Jonathan Manes, Supervising Attorney<br>P.O. Box 208215<br>New Haven, CT 06520<br>Tel: (203) 432-9387<br>Fax: (203) 432-3034<br>john.langford@clinics.yale.edu<br>christina.koningisor@clinics.yale.edu<br>ryan.mccartney@clinics.yale.edu<br>jonathan.manes@yale.edu |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
:
HUMAN RIGHTS WATCH,                                          :    13 Civ. 7360 (HB)
:
        Plaintiff,                                           :    ECF Case
:
   v.                                                       :    JOINT STIPULATION AND
:    PROPOSED ORDER
DEPARTMENT OF JUSTICE FEDERAL                                :
BUREAU OF PRISONS,                                           :
:
        Defendant.                                           :
------------------------------------------------------------ x

      WHEREAS, on August 24, 2012, Plaintiff Human Rights Watch ("HRW") and its co-requestor the Human Rights Institute of Columbia Law School ("HRI") submitted ten requests for records to the Department of Justice Federal Bureau of Prisons ("BOP") and five requests for records to the Department of Justice National Security Division ("NSD") pursuant to the Freedom of Information Act ("FOIA"), seeking four categories of records concerning the numbers of individuals charged with or convicted of "terrorism" or "terrorism-related" offenses, and the conditions to which they have been subjected while in detention (collectively, "the FOIA Requests");

      WHEREAS, between September 14 and October 26, 2012, the NSD referred the five FOIA requests HRW submitted to NSD to BOP;

      WHEREAS, on October 18, 2013, HRW filed the instant complaint, requesting that the Court compel disclosure of the requested records;

      WHEREAS, on December 19, 2013, the parties appeared for an initial conference before the Court;

      WHEREAS, on January 10, 2014, the Court entered a stipulation and order requiring, *inter alia*, that BOP complete processing of one set of records responsive to the FOIA Requests by January 31, 2014, and that processing of a second set of records, which BOP had referred to

the Department of Justice's Office of Enforcement Operations ("OEO"), be completed by March 20, 2014; and that HRW and BOP meet and confer in order for "BOP to provide HRW information about its databases and records, and the manner in which they can be searched, in order to allow HRW to clarify or reformulate its requests in terms that will allow BOP to conduct reasonable searches within the scope of its obligations under FOIA, and to otherwise allow the parties to identify a plan for resolution of this litigation";

WHEREAS, on January 30, 2014, HRW met and conferred with BOP officials to discuss HRW's requests;

WHEREAS, on January 31, 2014, BOP released, with redactions, 149 pages of records responsive to portions of HRW's FOIA Requests concerning Special Administrative Measures ("SAMs") and Communications Management Units ("CMUs");

WHEREAS, on March 20, 2014, the Department of Justice's Criminal Division (the "Criminal Division") released, with redactions, 377 pages of records responsive to portions of HRW's FOIA Requests concerning SAMs;

WHEREAS, a portion of the records originally referred to OEO, which is part of the Criminal Division, were referred by the Criminal Division to the Department of Justice's Office of Information Policy ("OIP");

WHEREAS, on March 26, 2014, the Court granted BOP's request for an extension of time for release of the records referred to OIP, requiring release of those records by April 15, 2014;

WHEREAS, on April 14, 2014, OIP released those records, totaling 116 pages, with redactions; and

WHEREAS, the parties have, since January 30, 2014, engaged in extensive negotiations regarding additional searches for records responsive to the FOIA Requests and regarding related matters;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties and subject to the approval of the Court, that:

2

1.   HRW agrees that the searches for records described below, together with those already completed, will constitute an adequate search by BOP in response to the FOIA Requests.

2.   HRW agrees that it will not challenge redactions or withholdings made by BOP, the Criminal Division, and OIP pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. § 552(b)(6), 7(C), but only to the extent that the information so redacted or withheld consists of:

> Name
> Date of Birth
> Register Number
> Citizenship
> Country of Birth
> Religion
> Case information, limited to:
>> Parties
>> Case No.
>> Witnesses
>
> Friends/Associates
> Family Members
> Dates of Visits to Inmates

3.   For inmates designated in SENTRY as having a Security Threat Group ("STG") designation of "international terrorist" since September 11, 2001, BOP will produce the following records from its SENTRY records system: (a) unit history; (b) quarters history; (c) admit-release history limited to facility, assignment, start date/time, and stop date/time; Each inmate having an STG designation of "international terrorist" will be assigned a unique identifier number, and the unit history, quarters history, and admit-release history for a particular inmate will be labeled with this unique identifier number. The parties understand and agree that all data in this proposed production was originally entered into the SENTRY system by BOP officials for purposes of operation of BOP institutions, and BOP does not warrant the accuracy or integrity of the underlying data.

4.   BOP will produce two spreadsheets with the following information from BOP's SENTRY system for inmates who, since September 11, 2001, have had an STG designation of

3

"international terrorist" *and* have had Special Administrative Measures (SAMs) imposed under 28 C.F.R. § 501.2 or 501.3: (a) sex; (b) SAM start date; (c) SAM stop date; (d) sentence imposed/time to be served; and (e) any "Y/N" flag indicating whether the inmate has an Immigration and Customs Enforcement ("ICE") detainer. One spreadsheet will reflect inmates in this category who have had SAMs imposed under 501.2, and the other will reflect inmates in this category who have had SAMs imposed under 501.3. Each row of the spreadsheet will correspond to an individual inmate and will be labeled with that inmate's unique identifier, described in paragraph 4 above. The parties understand and agree that all data in this proposed production was originally entered into the SENTRY system by BOP officials for purposes of operation of BOP institutions, and BOP does not warrant the accuracy or integrity of the underlying data.

5.  Notwithstanding the foregoing, to the extent BOP locates records or information that are exempt from disclosure under FOIA, it reserves the right to withhold such records or information. The terms of the searches described in paragraphs 3 and 4 above were crafted in an attempt to avoid exemptions. Accordingly, BOP agrees not to assert any blanket exemptions with respect to the categories of records from BOP's SENTRY system described in paragraphs 3 and 4 above and agrees not to withhold the records from BOP's SENTRY system described in those paragraphs except to the extent that, upon review, specific records or data entries are found to contain information that is exempt under FOIA. HRW reserves the right to challenge the propriety of any such withholdings that do not fall into one of the categories listed in paragraph 2 above.

6.  BOP will produce (a) a list of offense codes assigned in SENTRY to inmates who, since September 11, 2001, have had an STG designation of "international terrorist;" (b) for each offense code listed in (a), the number of inmates assigned the offense code in SENTRY among the population of inmates who have had an STG designation of "international terrorist" since September 11, 2001; and (c) a definition of each offense code listed under (a).

7.  BOP will produce without redaction the following pages from the SENTRY General Use Code Tables (2/07/2011): 32 ("UNIT (UNT) CATEGORY GROUP CODE

ASSIGNMENTS"); 34-35 ("CATEGORY – LOCAL ASSIGNMENT"); 36-38 ("CATEGORY – STANDARD ASSIGNMENT" – ARS); 140-143 ("FACILITY CODES BUREAU OF PRISONS INSTITUTIONS"); 144-146 ("FACILITY CODES COMMUNITY CORRECTIONS"); 147-148 ("FACILITY CODES VEHICLES"); 149-155 ("FACILITY CODES INSTITUTION IN-TRANSIT FACILITIES").

8. BOP will search the electronic "Key Indicators" database and electronic and paper files at USP-Marion and FCI Terre Haute for records reflecting the inmate capacity of the CMUs at those two institutions.

9. BOP will search the Central Files of inmates currently held at the Marion and Terre Haute CMUs for records of requests for Islamic religious accommodation and for records regarding the dispositions of any such requests. BOP will also search the records of administrative remedy requests in its SENTRY records system for records of administrative remedy requests regarding "Religious Programs (Except Food/Diet/Meals) – Access To"; "C Religious Diet – Certified/Non-Flesh Alternatives – Access To"; and "G Religious Rituals" by inmates currently held at the Marion and Terre Haute CMUs and for records regarding the dispositions of any such requests.

10. The following schedule will govern BOP's search, processing, and production of the records, as described in paragraphs 4 through 8:

    a. By September 1, 2014, BOP shall comply with the provisions of paragraphs 3-6.

    b. By June 1, 2014, BOP shall comply with the provisions of paragraph 7;

    c. BOP shall complete the searches described in paragraph 8 and shall complete processing of any responsive records located in those searches by July 1, 2014;

    d. BOP shall complete the searches described in paragraph 9 and shall complete processing of any responsive records located in those searches by August 1, 2014;

  e. By November 1, 2014, BOP shall submit to HRW a draft *Vaughn* index that includes record descriptions and claimed exemptions, reserving the right to submit a final index that might contain additional claimed exemptions and other changes. Thereafter, the Parties shall meet and confer regarding BOP's redactions and withholdings of records in response to the FOIA Requests in an effort to narrow any disagreements regarding the propriety of such redactions and withholdings. By November 15, 2014, the parties shall submit to the Court a joint status letter and shall propose, if necessary, a schedule for summary judgment motions regarding any outstanding issues in dispute.

  f. The above deadlines may be extended for good cause shown by order of the Court.

11. Except to the extent described in paragraph 2 above, HRW does not waive its right to challenge the propriety of any withholdings or redactions from records released in response to the FOIA requests at issue in this case.

12. This stipulation and order does not constitute an admission that any of the foregoing searches or other actions by BOP are required by FOIA, and does not create any precedent for how BOP will process, assert any exemptions with respect to, or release records in response to future FOIA requests filed by HRW or any other requester.

Case 1:13-cv-07360-JPO   Document 19   Filed 05/09/14   Page 8 of 8

Case 1:13-cv-07360-HB   Document 18-1   Filed 04/24/14   Page 7 of 7

13. The parties understand and agree that this Stipulation and Order contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect.

Dated: April 24, 2014
       New Haven, Connecticut

MEDIA FREEDOM AND INFORMATION ACCESS CLINIC

*[signature]*

John Langford, law student intern
Ryan McCartney, law student intern
Christine Koningisor, law student intern
Jonathan M. Manes, supervising attorney
Yale Law School
P.O. Box 208215
New Haven, CT 06520
Tel. (203) 432-9387
Fax: (203) 432-3034

*Attorney for Plaintiff Human Rights Watch*

Dated: April 24, 2014
       New York, New York

PREET BHARARA
United States Attorney
*Attorney for Defendant*

By: *[signature]* Elizabeth Tulis

Elizabeth Tulis
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
Tel. (212) 637-2725
Fax: (212) 637-2702

SO ORDERED.
Dated: May 9, 2014
       New York, New York

*[signature]*

HON. HAROLD BAER, JR.
United States District Judge

The Clerk is instructed to close this case and remove it from my docket.

SO ORDERED:

*[signature]*

Hon. Harold Baer, Jr., U.S.D.J.
Date: 5/9/14