UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HUMAN RIGHTS WATCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-CV-7360 |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____) | | |

DECLARATION OF VANESSA R. BRINKMANN

I, Vanessa R. Brinkmann, declare the following to be true and correct:

1)   I am Senior Counsel in the Office of Information Policy (OIP), United States

Department of Justice.   In this capacity, I am responsible for supervising the handling of Freedom

of Information Act (FOIA) requests processed by the Initial Request Staff (IR Staff) of OIP.   The

IR Staff of OIP is responsible for processing FOIA requests seeking records from within OIP and

from six senior leadership offices of the Department of Justice, specifically the Offices of the

Attorney General (OAG), Deputy Attorney General (ODAG), Associate Attorney General

(OASG), Legal Policy, Legislative Affairs, and Public Affairs.   The IR Staff determines whether

records responsive to access requests exist and, if so, whether they can be released in accordance

with the FOIA.   In processing such requests, the IR Staff consults with personnel in the senior

leadership offices and, when appropriate, with other components within the Department of Justice,

as well as with other Executive Branch agencies.

2)   I make the statements herein based on my personal knowledge, as well as on

information that I acquired while performing my official duties.

2

3)   By memorandum dated January 29, 2014, in relation to plaintiff's FOIA requests

originally made to the Federal Bureau of Prisons (BOP) dated August 24, 2012[1], seeking certain

information related to individuals charged with or convicted of terrorism or terrorism-related

offenses, including the conditions of their detention, the Criminal Division of the Department of

Justice referred six documents (which it had itself received by referral from BOP) to OIP for

processing and direct response to plaintiff on behalf of the Office of the Attorney General.   The

documents consisted of memoranda from the Attorney General to the Director of BOP and in some

instances the Director of the United States Marshals Service (USMS) concerning Special

Administrative Measures (SAMs) applied to federal inmates charged with or convicted of

terrorism-related offenses.

4)   By memorandum dated February 19, 2014, the Criminal Division referred one

additional document, also consisting of a memorandum from the Attorney General concerning

SAMs, to OIP for processing and direct response to plaintiff.

5)   Upon receipt of the above-mentioned referrals, OIP reviewed the referred records,

consisting of seven documents, totaling 116 pages, which were responsive to plaintiff's request.

Four additional pages, which the BOP and Criminal Division advised were administrative cover

sheets and neither part of the SAMs documents nor responsive to the FOIA requests at hand, were

removed from the referral packages and not processed under the FOIA.   Because the documents

contained information of interest to other Department components, and pursuant to Department

regulation 28 C.F.R. § 16.4(c)(1) (2014), the IR Staff conducted consultations with the Criminal

---

[1] See Compl, Exs. B-P, filed October 18, 2013 (ECF No. 1).

Division, Executive Office for United States Attorneys (EOUSA), Federal Bureau of Investigation

(FBI), BOP, and USMS.

      6)      By letter dated April 14, 2014, OIP provided a final response to plaintiff on the

records referred by the Criminal Division.   In this response, OIP released all seven documents,

totaling 116 pages, to plaintiff with excisions made pursuant to Exemptions 6 and 7(C) of the

FOIA, 5 U.S.C. § 552(b)(6) and (7)(C).   The information withheld by OIP in this response

consisted of the names and identifying information of the federal inmates subject to SAMs.   (A

copy of OIP's April 14, 2014 response to plaintiff is attached hereto as Exhibit A.)

<u>Description of Information Withheld Pursuant to FOIA Exemptions 6 and 7(C)</u>

      7)  Exemption 6 of the FOIA pertains to information the release of which would

constitute a clearly unwarranted invasion of the personal privacy of third parties.   Exemption 7(C)

permits an agency to withhold records or information compiled for law enforcement purposes if

the production of such records or information could reasonably be expected to constitute an

unwarranted invasion of the personal privacy of third parties.   In this instance, the information

withheld by OIP pursuant to FOIA Exemptions 6 and 7(C) consists of individual inmates' names

and aliases; specific charges against and locations of the inmates; the districts in which the inmates

were charged; details about the inmates' backgrounds, the inmates' countries of origin, and the

specific risks associated with not applying SAMs restrictions to the inmates to the extent that those

risks were identifiable to the inmates (such as by identifying specific training, skills, behaviors

and/or roles played by the inmates).   All of the information withheld by OIP was withheld with

the specific purpose of protecting the identities of the inmates subject to the SAMs; in other words,

in addition to the inmates' names and aliases, OIP withheld other unique personal details about the

inmates, their backgrounds, and locations/charges against them because release of this information

would enable readers of the documents, particularly those familiar with federal terrorism cases, to

deduce the identities of the inmates from the small pool of individuals subject to plaintiff's request,

*i.e.*, terrorism suspects subject to SAMs.

8)   By Joint Stipulation dated April 24, 2014 (ECF No. 19), plaintiff agreed not to

challenge the withholding by the Criminal Division, BOP, and OIP of the following information

pertaining to the inmates named in the documents at hand, pursuant to FOIA Exemptions 6 and

7(C):   name; date of birth; register number; citizenship; country of birth; religion; case

information, limited to parties, case numbers, and witnesses; friends/associates; family members,

and dates of visits to inmates.   Thus, this declaration addresses only the information withheld by

OIP which is remaining in contention, *i.e.*, information regarding the background of the inmate,

information pertaining to the crime(s) committed or allegedly committed by the inmate; the

location of the inmate, the specific United States Attorney's Office handling the case, and specific

facts supporting and risks associated with not applying the SAMs restrictions to specific inmates.

9)      Attached to this declaration is a *Vaughn* Index containing a detailed description of

the portions of 116 pages that were withheld in part from plaintiff.   The *Vaughn* index describes

the responsive documents at issue, including such information as the author, date, subject, and the

withheld material on each page.   The *Vaughn* index includes all information withheld by OIP,

with the information that remains in contention highlighted in yellow for ease of reference.

(OIP's *Vaughn* Index is attached hereto as Exhibit B).

10)      The personally-identifying details regarding the small pool of individuals subject to

plaintiff's FOIA request, including the charges against them, the terror groups with which they are

associated, the districts in which they were charged, their backgrounds, their stated ideologies and

intentions, as well as the specific risks associated with the lack of SAMs restrictions could likely

reveal the identities of these individuals.   OIP therefore determined that such information should

be withheld under FOIA Exemptions 6 and 7(C) in the interest of protecting the identities of the

inmates.   With specific regard to Exemption 7(C), OIP also determined as a threshold matter that

all of the referred records were compiled for law enforcement purposes, inasmuch as they are

Department of Justice memoranda regarding procedures related to housing inmates in federal

detention facilities.

      11)     In reaching a disclosure determination on the above-referenced categories of

material, all of which consisted of records or information compiled for law enforcement purposes,

OIP balanced the privacy interest of the individuals involved against the public interest in

disclosing information about them.   OIP determined that the FOIA public interest lies in how the

SAMs are applied by the Department of Justice -- and in the documents at hand, the details of the

SAMs, as well as the rationale for imposing them, have been released.   Conversely, OIP

determined that the release of the identifying information of the inmates described in the

documents at hand would contribute little if any meaningful information about the operations or

activities of the government.   Thus, any FOIA public interest that would be served in the

disclosure of the identifying information of the individuals subject to SAMs which might shed

light on the operations and activities of the government would be outweighed by the privacy

interests of the individuals.   All of the information that OIP protected in the documents at issue,

including the districts, the specific U.S. Attorneys' Offices handling the cases, the locations of the

inmates, information regarding the background of the inmates, information pertaining to the

crimes committed by the inmates, and facts/risks supporting the use of the SAMs, was withheld for

the specific and sole purpose of protecting the identities of the inmates, whose identities could be

deduced through the release of such information in light of the small pool of individuals affected

by SAMs.   For example, revealing that a terrorism-related inmate prosecuted by a named U.S.

Attorney's Office was subject to SAMs, along with specific facts regarding that individual's case

that are discussed in the memoranda authorizing the SAMs, would in many cases make it easy to

determine who that individual is, in light of the small pool of individuals whose SAMs would even

be responsive to plaintiff's request, *i.e.*, terrorism suspects subject to SAMs, particularly for

readers of the documents who are familiar with federal terrorism cases, which are usually

widely-publicized.   In order to protect the identities of the individual inmates OIP needed to

protect additional identifying information pursuant to FOIA Exemptions 6 and 7(C).

12)   On the other hand, OIP determined that there is considerable privacy interest in not

having one's identity, particularly when associated with details of one's incarceration released to

the public at large.   Moreover, for individuals accused of terrorism but not yet convicted, the

stigma of being associated with terrorism implicates considerable privacy interests.   Absent

authorization from any of the inmates identified in the documents at issue, releasing information

that could identify these inmates would be a clearly unwarranted invasion of their privacy.   OIP

therefore determined that, in balancing the minimal public interest against the considerable

privacy interest at stake, the identifying information consisting of the districts in which the inmates

were charged, the specific U.S. Attorneys' Offices handling the cases, the locations of the inmates,

information regarding the background of the inmates, and information pertaining to the crimes

committed by the inmates and facts/risks supporting the SAMs should be withheld under both

7

FOIA Exemptions 6 and 7(C).   Exemptions 6 and 7(C) differ in that Exemption 6 protects information about individuals when its disclosure would constitute "a clearly unwarranted invasion of personal privacy," whereas Exemption 7(C) is limited to information compiled for law enforcement purposes, and protects personal information when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy."   In making a determination regarding the releasability of the information at issue, and considering the significant privacy interest at stake weighed against the minimal public interest, OIP determined that both standards were met in this instance.

13)     During the Department's review of the information described above, we carefully reviewed each page of the material to determine whether any information could be segregated for release.   As a result of that analysis, which consisted of a line-by-line review of the documents, OIP released all non-identifying information not protected by Exemptions 6 and 7(C) to plaintiff. OIP additionally took great care to release information that we believed was general enough in nature that it would not identify the inmates.   Finally, as noted above, OIP released information regarding the details of and the rationale for applying the SAMs, and thus released information that serves the public interest in learning about the operations and activities of the government, while safeguarding the personal privacy of individuals.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Vanessa R. Brinkmann

Executed this 20th day of February 2015.